IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Autoscribe Corporation | § | |
| | § | |
| *Plaintiff*, | § | Civil Action No. 3:24-cv-00076 |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| Tsevo, LLC and | § | |
| GambleID, LLC | § | |
| | § | |
| *Defendants*. | § | |

**UNOPPOSED MOTION TO TRANSFER VENUE TO THE
HOUSTON DIVISION OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

Defendants Tsevo, LLC and GambleID, LLC (collectively, "Defendants"), file this Unopposed Motion to Transfer Venue to the Houston Division of the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1404(a), and in support thereof state as follows:

### I.    FACTUAL BACKGROUND

1. On March 18, 2024, Plaintiff Autoscribe Corporation ("Autoscribe") filed its Complaint alleging patent infringement against Defendants. *See generally* Complaint [Dkt. No. 1].

2. Defendant Tsevo, LLC is organized under the laws of the State of Texas, with its headquarters at 1121 Delano St., Suite 100, Houston, Texas 77003. Complaint at ¶ 2. Defendant GambleID, LLC is organized under the laws of the State of Nevada, with its headquarters at 1121 Delano St., Suite 100, Houston, Texas 77003. *Id.* ¶ 3.

3. Autoscribe alleges that its causes of action arise directly from Defendants' business contacts in Texas. *Id.* at ¶ 8. Specifically, Autoscribe references two of Defendants'

15522636

alleged customers, both of which are located in Houston, Texas. *See* Complaint at ¶ 7 n.3 ("Waterborne Energy maintains its corporate office at 2323 South Shepherd Drive Suite 1010 Houston, TX 77019" and "Genscape…maintains an office at 5847 San Felipe St #1000, Houston, TX 77057").

4. The Complaint makes no allegations demonstrating a factual nexus to the Galveston Division of the Southern District of Texas.

5. Counsel for Defendants conferred with Autoscribe's counsel regarding a transfer of this case to the Houston Division of the United States District Court for the Southern District of Texas, pursuant to 28 U.S.C. § 1404. Counsel is unopposed to the intra-district transfer.

## II.  ARGUMENT AND AUTHORITIES

### A.  This case could have been brought in the Houston Division of the Southern District of Texas.

6. A district court may transfer a case to another district or division for the convenience of parties and witnesses. *See* 28 U.S.C. § 1404(a). The threshold inquiry is whether the suit could have originally been filed in the destination venue. *Id*. The general venue statute provides that a plaintiff may bring suit in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred…" *Id.* § 1391(b). Given that both Defendants reside in Houston, this case could have properly been brought in the Houston Division of the Southern District of Texas.

### B.  The public and private factors favor a transfer to the Houston Division of the Southern District of Texas.

7. The Court next considers a non-exhaustive list of private and public interest factors when deciding whether to transfer an action under 28 U.S.C. § 1404(a). *In re Volkswagen of Am.,*

*Inc.*, 545 F.3d 304, 311 (5th Cir. 2008).  The private interest factors are: (1) the cost of attendance for willing witnesses; (2) the relative ease of access to sources of proof; (3) the availability of compulsory process to secure the attendance of witnesses; and (4) all other practical problems that make the trial of a case easy, expeditious and inexpensive. *Id.* at 314.  The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* As explained below, a majority of these factors weigh in favor of transfer.

8. Plaintiff's choice of venue should be given minimal deference because Autoscribe is organized under the laws of the state of Maryland, with its principal place of business in Florida. Complaint at ¶ 1.  A plaintiff's choice of venue is minimized or even disregarded when "the plaintiff does not live in the Division of the Court." *Shoemake v. Union Pac. R.R. Co.,* 233 F. Supp. 2d 823, 831 (E.D. Tex. 2002); *see also Elderkin v. Flour Bluff I.S.D.,* 2008 WL 5101561, at *2 (S.D. Tex. Nov. 26, 2008) (granting transfer and explaining that "where, as is the case here, the plaintiff is not from the forum it has chosen, the plaintiff's choice is given less deference."). Because Autoscribe does not reside in the Galveston Division and is unopposed to the transfer, this Court should give the initial choice of venue less deference in the venue analysis.

9. The convenience of the witnesses weighs in favor of a transfer.  Of the private and public interest factors, "[t]he relative convenience to the witnesses is often recognized as the most important factor under § 1404(a)." *Mid-Continent Cas. Co. v. Petroleum Solutions, Inc.*, 629 F. Supp. 2d 759, 762 (S.D. Tex. 2009). The majority of witnesses are located in the Houston Division. Importantly, no witnesses have been identified that reside in the Galveston Division.  The chosen

venue would require the witnesses to travel nearly 100 miles roundtrip from Houston to Galveston, which is both time-consuming and burdensome.

10. The relative ease of access to sources of proof also weighs in favor of transfer. The key inquiry under the access to proof factor "is relative ease of access, not absolute access" to sources of proof. *In re Radmax, Ltd.*, 720 F.3d 285, 289 (5th Cir. 2013) (finding that while transporting evidence between Marshall and Tyler "may have been slight" the "relative ease of access" to such documents in Tyler supported transfer); *Hebert v. Wade*, 2013 WL 5551037, at *3 (S.D. Tex. Oct. 7, 2013) (mem. op.) (transferring case from Galveston Division to Houston Division because while sources of proof were located in many Divisions including Houston, none were located in Galveston). None of the evidence in this case is located in the Galveston Division. The key evidence related to Defendants' products are located at Defendants' office in Houston. Accordingly, this private interest factor weighs in favor of an intra-district transfer.

11. The interest in having localized matters decided at home also supports a transfer. The Defendants reside in Houston. Autoscribe has made allegations with respect to Defendants' customers located in Houston. "The place of the alleged wrong is of primary importance in the Court's venue determination." *Speed v. Omega Protein, Inc.*, 246 F. Supp. 2d 668, 675 (S.D. Tex. 2003). Conversely, none of the parties reside in the Galveston Division, nor has Autoscribe alleged that any events or omissions giving rise to its claims occurred in the Galveston Division. The predominant interest of the Houston Division over this case, coupled with the lack of connection to the Galveston Division, as well as the parties' agreement to transfer to the Houston Division, weighs in favor of transfer.

### III. RELIEF REQUESTED

12. The parties have agreed to an intra-district transfer to the Houston Division, and such a transfer is warranted in view of the factors considered by Courts in assessing venue transfers. In the interest of justice, and for the convenience of the parties and witnesses, Defendants respectfully request the Court transfer this case to the Houston Division of the United States District Court for the Southern District of Texas. Plaintiff is unopposed to such a transfer.

Dated: August 15, 2024             Respectfully submitted,

By: */s/ Ray T. Torgerson*
    Ray T. Torgerson
    Attorney-in-Charge
    Texas Bar No. 24003067
    Shelby N. Payne
    Texas Bar No. 24131576
    **PORTER HEDGES LLP**
    1000 Main St 36th floor,
    Houston, Texas 77002
    (713) 226-6000 Phone
    (713) 228-6000 Fax
    rtorgerson@porterhedges.com
    spayne@porterhedges.com

    **ATTORNEYS FOR TSEVO, LLC AND GAMBLEID, LLC**

15522636

## CERTIFICATE OF CONFERENCE

  I hereby certify that on August 8, 2024, counsel for Defendants conferred with Plaintiff's counsel via a Zoom meeting. In an email dated August 14, 2024, Plaintiff's counsel indicated that Plaintiff is unopposed to the relief sought herein.

                By: */s/ Ray T. Torgerson*
                  Ray T. Torgerson

## CERTIFICATE OF SERVICE

  I hereby certify that on this 15th day of August 2024, I caused the foregoing to be filed electronically with the Clerk of Court and to be served via the Court's CM/ECF system upon all counsel of record.

                By: */s/ Ray T. Torgerson*
                  Ray T. Torgerson

15522636